**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

NATHAN L.,[1]

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security Administration*,

Defendant.

Case No. 25-cv-3662 (LMP/EMB)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Clifford Michael Farrell**, Manring & Farrell, Dublin, OH**, and Edward C. Olson, **Reitan Law Office, Minneapolis, MN**, for Plaintiff.

James D. Sides and Susan Joan Warren, **Social Security Administration, Baltimore, MD**, for Defendant.

Plaintiff Nathan L. objects to United States Magistrate Judge Elsa M. Bullard's Report and Recommendation ("R&R") that this Court uphold the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Nathan's application for supplemental security income. For the reasons below, the Court overrules Nathan's objections and adopts the R&R.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions. No disrespect is intended in doing so.

## BACKGROUND

The facts of this case are described extensively in the R&R. ECF No. 23 at 3–8. Nathan does not specifically object to the R&R's statement of facts, and the Court therefore adopts the R&R's factual recitation in full and summarizes the relevant background here.

Nathan applied for supplemental security income in May 2021, due to a disability. ECF No. 10 at 240.[2] After Nathan's application and request for reconsideration were denied, Nathan sought a hearing before an administrative law judge ("ALJ"). *Id.* at 165, 168, 175. In the record before the ALJ, psychological experts opined that Nathan could manage "brief and superficial" interactions with coworkers, supervisors, and the public. *Id.* at 40–44. The ALJ used different language in formulating Nathan's residual functional capacity ("RFC"), stating that Nathan could "occasionally interact with supervisors, coworkers, and the general public." ECF No. 10-13 at 255. The ALJ concluded that Nathan's RFC allowed him to perform medium work, and consequently, Nathan was not disabled or eligible for supplemental security income. *Id.*

Nathan appealed to this Court, contending that the ALJ insufficiently addressed the experts' opinions. *Id.* at 285–86. United States Magistrate Judge Dulce J. Foster agreed and recommended remanding for further proceedings because the Court could not "determine whether the ALJ intended to omit" the "brief and superficial" limitation, whether the ALJ "improperly conflated" a "brief and superficial" limitation with an

---

[2] For clarity and consistency, the Court cites the page numbers applied by CM/ECF in the top-right corner of the Social Security record rather than the page numbers in the bottom-right corner.

"occasional interaction" limitation, or whether the ALJ "meant to substitute a more vocationally relevant term but then neglected to address the quality and duration of Plaintiff's workplace interactions." *Id.* at 293–94. United States District Judge Jerry W. Blackwell adopted the R&R and remanded to the ALJ. *Id.* at 298–99.

On remand, a new ALJ agreed with the first ALJ's conclusion that Nathan was not disabled and, therefore, was ineligible for supplemental security income. *Id.* at 160. In formulating the new RFC, the ALJ concluded that Nathan can "understand, remember, and carry out simple instructions, and make simple work-related decisions" and can "occasionally interact with supervisors, coworkers, [with] no interaction with public." *Id.* at 173. The ALJ, again, did not adopt the specific terms "brief and superficial," but she did explain her rationale for not doing so: the expert opinions were "persuasive," but some of their terms, like "brief and superficial," were "vague and undefined." *Id.* at 183. Rather than adopting the experts' language verbatim, the ALJ "used more specific, vocationally defined, and policy compliant language to express the moderate limitations arising from the claimant's mental impairments." *Id.*

The ALJ also addressed Magistrate Judge Foster's remand instruction that the ALJ delineate the "frequency and type of social limitations" in her reasoning. *Id.* at 185. The ALJ asserted that "the limitation to *occasional interaction with supervisors and coworkers, no interaction with the public* deals with the frequency of social interaction and the limitation *understand remember and carry out simple instructions* deals with the type of communication (and thus the nature) of social interaction." *Id.* (emphases added). Because

she found Nathan to have "the residual functional capacity to perform medium work," the ALJ concluded that Nathan was not disabled. *Id.* at 173, 187.

Nathan appealed. ECF No. 1. Magistrate Judge Bullard issued an R&R recommending that this Court affirm the ALJ's decision. ECF No. 23. Nathan timely objected.[3] ECF No. 24.

**DISCUSSION**

After an R&R is filed, any party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Those portions of the R&R that are properly and specifically objected to are reviewed by the Court de novo. Fed. R. Civ. P. 72(b)(3).

The Court's role in reviewing the denial of supplemental security income "is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is "more than a mere scintilla," but the "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation modified). Therefore, if there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," the ALJ's decision must stand. *Id.* (citation modified).

An ALJ considering whether to deny or grant disability benefits is tasked, in part, with determining a claimant's RFC, which is "a measurement of their ability to do sustained physical or mental work, despite their health limitations." *Bowers v. Kijakazi*, 40 F.4th

---

[3] The Commissioner did not file a response to Nathan's objection.

872, 875 (8th Cir. 2022); *see also* 20 C.F.R. § 404.1545(a). While an RFC is a medical determination, an ALJ need not defer entirely to medical professionals, but instead must consider "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Bowers*, 40 F.4th at 875 (citation modified). An ALJ is not required to formulate an RFC using the specific limitations or wording suggested by medical experts, so long as the RFC appropriately accounts for those limitations. *See Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (refusing to discredit an RFC when the RFC adopted different terminology than that used by medical experts); *Jennifer L. v. Kijakazi*, No. 22-cv-3018 (JRT/DJF), 2024 WL 165249, at *3 (D. Minn. Jan. 16, 2024) (noting that "the ALJ was not required to use" medical experts' "exact language"); *Jordan v. O'Malley*, No. 23-cv-1543 (JRT/JFD), 2024 WL 4199133, at *3 (D. Minn. Sept. 16, 2024) ("But the ALJ was not required to frame Jordan's social impairments with the term 'superficial' in the RFC even if two of Jordan's psychologists used that term to describe his limitations in their opinions.").

Nathan objects to the R&R's determination that the ALJ provided a sufficient explanation for how the RFC's social interaction limitation incorporated the experts' recommendations. ECF No. 24 at 2, 5. There is enough evidence to support Nathan's RFC.

First off, the ALJ did not err in using different terms than those used by the experts to define the limitation on Nathan's social interaction. In arguing that the ALJ offered "insufficient" reasoning, Nathan highlights differences between the RFC and the experts'

recommendation. ECF No. 24 at 3. The ALJ opined that Nathan could "understand, remember, and carry out simple instructions," ECF No. 10-13 at 173, while the experts recommended a limitation to "brief and superficial" social interactions, ECF No. 24 at 3. It is true that the wording is different, but the ALJ explained why, noting that the terms the experts used were "vague and undefined." ECF No. 10-13 at 183. Instead, the ALJ "used more specific, vocationally defined, and policy compliant language." *Id.* In particular, the ALJ determined that Nathan can "understand, remember, and carry out simple instructions, and make simple work-related decisions" and can "occasionally interact with supervisors, coworkers, [with] no interaction with public." *Id.* Because there is no requirement to "adopt the precise terminology used by the psychological" experts, *Julie P. v. O'Malley*, No. 23-cv-2980 (LMP/ECW), 2024 WL 4880375, at *2 (D. Minn. Nov. 25, 2024), and because the ALJ explained why she used different terminology, the ALJ's analysis was free of error.

Nathan also asserts that the ALJ erred by not providing a sufficient explanation for how she incorporated the experts' opinions in the RFC. ECF No. 24 at 3, 5. Not so: the ALJ explained that "the limitation to *occasional interaction with supervisors and coworkers, no interaction with the public* deals with the frequency of social interaction and the limitation *understand remember and carry out simple instructions* deals with the type of communication (and thus the nature) of social interaction." ECF No. 10-13 at 185 (emphases added).

Nathan contends that limitations about "instructions" cannot incorporate the experts' opinions about "interactions" because "instructions" and "interactions" have

different meanings. ECF No. 24 at 3–4. Nathan suggests that the ALJ ignored the experts' "superficial" interactions recommendation and "simply classified it as vague." *Id.* at 5. The ALJ did not ignore the "superficial" interactions language. She explained that she opted for "specific, vocationally defined, and policy compliant language," in formulating the limitation as "understand, remember, and carry out simple instructions." ECF No. 10-13 at 183.

Nathan next notes that the Court's remand instructions identified different dimensions of a social interaction limitation—length, quality, and frequency—and contends that the ALJ did not provide a "quality-like social interaction limitation." ECF No. 24 at 5. But the ALJ referenced the instructions for remand, noting that the Court had instructed her to examine "the frequency and type of social limitations." ECF No. 10-13 at 185. The ALJ stated that she had "fully accommodate[d] for any potential social limitations the claimant may have in the" RFC. *Id.* As mentioned above, the ALJ explained how the RFC determination addressed both "the frequency of social interaction" and the "type of communication." *Id.* The ALJ concluded that no other limitations were "supported by daily activities," and described observations from various professionals and Nathan's daily activities. *Id.*

Finally, Nathan asserts that the terms "occasional" and "superficial" are not interchangeable because the former relates to frequency while the latter relates to quality. ECF No. 24 at 4–5. Of course, these terms "are distinct descriptors of interactions," but the ALJ "did not just limit [Nathan] to occasional interactions." *Jennifer L.*, 2024 WL 165249, at *3 (noting the further limitations imposed by the ALJ). Rather, the ALJ also

addressed the quality of Nathan's social interactions: "understand, remember, and carry out simple instructions." ECF No. 10-13 at 173. In *Lane*, the Eighth Circuit rejected a similar challenge to an ALJ's reference to "occasional" interactions when experts recommended a limitation to "superficial" interactions, explaining that the argument was a "manufactured inconsistency" when considering the entire record. *See* 2024 WL 302395, at *1. Like the Eighth Circuit, the Court declines to "nitpick [the ALJ's] well-reasoned decision." *Id.*

## CONCLUSION

The ALJ's decision to deny Nathan's application for supplemental security income was supported by substantial evidence. Accordingly, the Court adopts the R&R, overrules Nathan's objections, and affirms the Commissioner's decision.

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (R&R) (ECF No. 23) is **ADOPTED**;
2. Nathan L.'s Objections to the R&R (ECF No. 24) are **OVERRULED**;
3. Nathan L.'s Request for Relief (ECF No. 17) is **DENIED**;
4. The Commissioner's Request for Relief (ECF No. 21) is **GRANTED**;
5. The Commissioner's Decision is **AFFIRMED**; and
6. The complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 10, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge